UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REENA CHOPRA,<br><br>    Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. _____ / | No. C 09-0841 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK** |

## INTRODUCTION

Petitioner, a California parolee, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 regarding the constitutionality of her state conviction. Her petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. However, in the petition, Petitioner has not clearly identified whether all of her claims have been exhausted in the state courts. She has partially completed the Court's form, but has failed to clearly identify each of her claims by number and has also completed that portion on page 6 of the Court's form that requests information on why "any of these grounds was not previously presented to any other court" by including what appears to be most of the listed claims. Therefore, this Court cannot determine whether the claims have been exhausted, or whether Petitioner has misread the Court's form.

Moreover, Petitioner has named as Respondent the State of California. The proper respondent in a federal habeas corpus petition is the petitioner's immediate custodian.

1

*Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).  A custodian "'is the person having a day-to-day control over the prisoner.  That person is the only one who can produce 'the body' of the petitioner.'" *Id.* (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).  "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Where the petitioner is on probation or parole, he may name his probation or parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 896 (9th Cir. 1996).  Failure to name Petitioner's custodian as a Respondent deprives federal courts of personal jurisdiction.  *Id.*  However, a petitioner ordinarily should be given leave to amend his petition to name the correct party as respondent. *See id.*   Petitioner is granted leave to amend to name the proper Respondent in this matter.  For this and the below reasons, the petition will be dismissed with leave to amend.

**DISCUSSION**

A.     Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.     Petitioner's Claims

The petition appears to contain numerous unnumbered claims regarding Petitioner's state convictions.  Because not all of the claims are numbered and Petitioner

1  includes a lengthy document in support of the petition which includes additional
2  underlined claims which may be intended as sub-parts of the listed claims, the Court is
3  unable to determine how many claims are now before the Court.  The Court also cannot
4  determine whether all or some of these claims have been exhausted in the state courts.
5       A prisoner in state custody who wishes to challenge either the fact or length of his
6  confinement by filing a federal petition for writ of habeas corpus must first exhaust state
7  judicial remedies, either on direct appeal or through collateral proceedings, by presenting
8  the highest state court available with a fair opportunity to rule on the merits of each and
9  every issue he seeks to raise in federal court.  *See* 28 U.S.C. § 2254(b),(c); *Granberry v.*
10 *Greer*, 481 U.S. 129, 133-34 (1987).  The petition is ambiguous as to whether Petitioner
11 has raised the claims she wishes to bring in this petition before the California Supreme
12 Court.  It appears that Petitioner may not have exhausted some or all of the claims before
13 this state's highest court.  Petitioner cannot proceed with any federal claim in federal
14 court unless and until he has given the California Supreme Court a fair opportunity to rule
15 on the merits of such a claim.

16 **CONCLUSION**

17      For the foregoing reasons and for good cause shown, this action is dismissed with
18 leave to file an amended petition within ***thirty days*** of the date of this order in which
19 Petitioner presents only claims for violations of his rights under the laws, treaties, or
20 Constitution of the United States.  Each and every such claim must have been presented
21 to the California Supreme Court before it may be asserted in a federal habeas action.  The
22 amended petition must contain the caption and civil case number used in this order and
23 the words AMENDED PETITION on the first page.  Petitioner is also directed to clearly
24 identify the claims by numbering each claim separately, as the Court is unable to
25 determine how many separate claims Petitioner is pursuing.  Failure to file an amended
26 petition by the deadline will result in dismissal of all claims in this action.
27      It is Petitioner's responsibility to prosecute this case.  She must keep the Court
28 informed of any change of address by filing a separate paper with the clerk headed

1  "Notice of Change of Address."  She must comply with any orders of the Court within the
2  time allowed, or ask for an extension of that time.  Failure to do so may result in the
3  dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
4  Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b)
5  applicable in habeas cases).  The Clerk shall provide Petitioner with a copy of this Court's
6  form habeas petition along with this order.

8  DATED:   06/08/09

                                    _____
                                    JEFFREY S. WHITE
                                    United States District Judge

4