UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REENA CHOPRA,<br><br>        Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>        Respondent.<br>_____/ | No. C 09-0841 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING CLERK TO REOPEN CLOSED CASE AND INSTRUCTIONS TO THE CLERK** |

Petitioner, a California parolee, filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254 regarding the constitutionality of her state conviction. On June 8, 2009, this Court dismissed the amended complaint with leave to file an amended complaint within thirty days of the Court's order. In the Court's order, Petitioner was notified that failure to amend by the designated time would result in a dismissal of the case. After the original order was returned, the order was resent to Petitioner to the address listed on her petition on July 22, 2008. After the Court received no response, the matter was dismissed for failure to amend on October 22, 2009. Thereafter on October 30, 2009, Petitioner wrote the Court a letter, requesting reconsideration of the dismissal on the grounds that she did not receive the order of dismissal with leave to amend. Petitioner has subsequently filed another identical petition under Case No. 09-5513 JSW (PR), which will be dismissed in a separate order. Based on Petitioner's representation that she did not receive the Court's order, the Court now GRANTS Petitioner's request

1

1  for reconsideration and reopen's Petitioner's habeas case.  Petitioner will be provided
2  with another opportunity to comply with the order to amend the petition within thirty
3  days, as set forth below.

4        The petition is before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4
5  of the Rules Governing Section 2254 Cases.  However, in the petition, Petitioner has not
6  clearly identified the claims she intends to pursue and whether all of her claims have been
7  exhausted in the state courts.  Petitioner has only partially completed the Court's form
8  and has failed to clearly identify each of her claims by number on the Court's form,
9  instead attaching additional sheets that appear to be from state court briefing.  She has
10  also completed that portion on page 6 of the Court's form that requests information on
11  why "any of these grounds was not previously presented to any other court" by including
12  what appears to be most, but not all, of the listed claims.  Therefore, this Court cannot
13  determine whether these claims have not been exhausted, or whether Petitioner has
14  simply misread the Court's form.  Petitioner must clearly identify whether all claims have
15  been exhausted and, if they have not all been exhausted, which claims remain
16  unexhausted in the state courts.

17        Moreover, Petitioner must amend to name the proper respondent.  In the petition,
18  she has named as Respondent the State of California.  The proper respondent in a federal
19  habeas corpus petition is the petitioner's immediate custodian.  *Brittingham v. United*
20  *States*, 982 F.2d 378, 379 (9th Cir. 1992).  A custodian "'is the person having a day-to-day
21  control over the prisoner.  That person is the only one who can produce 'the body' of the
22  petitioner.'"  *Id.* (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).  "This
23  person typically is the warden of the facility in which the petitioner is incarcerated."
24  *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Where the
25  petitioner is on probation or parole, he may name his probation or parole officer "and the
26  official in charge of the parole or probation agency, or the state correctional agency, as
27  appropriate."  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 896 (9th Cir. 1996).  Failure to
28  name Petitioner's custodian as a Respondent deprives federal courts of personal

jurisdiction. *Id.* However, a petitioner ordinarily should be given leave to amend his petition to name the correct party as respondent. *See id.* Petitioner is granted leave to amend to name the proper Respondent in this matter. For this and the below reasons, the petition will be dismissed with leave to amend.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claims

The petition appears to contain numerous unnumbered claims regarding Petitioner's state convictions. Because not all of the claims are numbered and Petitioner includes a lengthy document in support of the petition which includes additional underlined claims not identified on the Court's form, the Court is unable to determine how many claims Petitioner seeks to raise before this Court. The Court also cannot determine whether all or some of these claims have been exhausted in the state courts.

A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal petition for writ of habeas corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v.*

*Greer*, 481 U.S. 129, 133-34 (1987).  The petition is ambiguous as to whether Petitioner has raised the claims she wishes to bring in this petition before the California Supreme Court.  It appears that Petitioner may not have exhausted some or all of the claims before this state's highest court.  Petitioner cannot proceed with any federal claim in federal court unless and until he has given the California Supreme Court a fair opportunity to rule on the merits of such a claim.

## CONCLUSION

For the foregoing reasons and for good cause shown, this action is dismissed with leave to file an amended petition within *thirty days* of the date of this order in which Petitioner presents only claims for violations of her rights under the laws, treaties, or Constitution of the United States.  Each and every such claim must have been presented to the California Supreme Court before it may be asserted in a federal habeas action.  The amended petition must contain the caption and civil case number used in this order and the words AMENDED PETITION on the first page.  Petitioner is also directed to clearly identify the claims by numbering each claim on the Court's form separately, as the Court is unable to determine how many separate claims Petitioner is pursuing.  Failure to file an amended petition by the deadline will result in dismissal of all claims in this action.

It is Petitioner's responsibility to prosecute this case.  She must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  She must comply with any orders of the Court within the time allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).  The Clerk shall provide Petitioner with another copy of this Court's form habeas petition along with this order.

DATED: December 8, 2009

JEFFREY S. WHITE
United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

REENA CHOPRA,

        Plaintiff,

  v.

CALIFORNIA et al,

        Defendant.

Case Number: CV09-00841 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 8, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Reena Chopra
644 Fulton Street
#2
Redwood City, CA 94061

Dated: December 8, 2009

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk