IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REENA CHOPRA, ) | No. C 09-0841 JSW (PR) |
| Petitioner, ) ) | |
| vs. ) | **ORDER TO SHOW CAUSE** |
| ATTORNEY GENERAL OF ) CALIFORNIA, ) ) | |
| Respondent. ) ) | |

# INTRODUCTION

Petitioner, formerly a prisoner of the State of California, currently on parole, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of her state court conviction. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

# BACKGROUND

According to the petition, Petitioner was convicted of violations of Section 2052 of California Business and Professions Code in San Mateo County Superior Court. The trial court sentenced her to a term of two years in state prison. Petitioner's appeal to the California Court of Appeal was denied in 2007 and her petition for review to the California Supreme Court was denied in 2008. Her petition for a writ of certiorari to the United States Supreme Court was denied in 2008. She filed the instant federal habeas petition in this Court on February 26, 2009. The petition was dismissed with leave to amend, and, after the case was reopened, petitioner filed an amended petition on December 31, 2009.

**DISCUSSION**

I      Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II      Legal Claims

The petition raises the following ground for relief: (1) she received ineffective assistance of trial and appellate counsel; (2) her rights to due process and to be free from cruel and unusual punishment were violated by the trial court's sentencing decisions; (3) her right to due process was violated because the jury instructions regarding reasonable doubt and the presumption of innocence were erroneous; (4) her rights to equal protection and due process were violated because Cal. Bus. & Prof. Code § 2502 is unconstitutional on its face; (5) the prosecutor committed misconduct, violating her rights to due process and equal protection; (6) judicial misconduct violated her right to due process; (7) evidence was erroneously admitted; (8) pretrial publicity "poisoned" the jury pool; and (9) there was insufficient evidence to support the conviction.

Petitioner's last three claims do not allege the violation of any federal law. This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A violation of state law is not a cognizable basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The last three claims will therefore be dismissed for failure to state a cognizable basis for federal habeas relief.

2

Liberally construed, it does not appear from the face of the amended petition that Petitioner is not entitled to relief on her remaining claims. Accordingly, Respondent is ordered to respond to the amended petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Claims seven, eight and nine are DISMISSED.

2. The Clerk shall serve by certified mail a copy of this order and the <u>amended petition</u> filed on December 31, 2009 (docket number 10), and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

4. Respondent may, within **ninety (90) days** of the date this order is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice

of Change of Address." She must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: February 15, 2011

                              JEFFREY S. WHITE
                              United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

REENA CHOPRA,

        Plaintiff,

  v.

CALIFORNIA et al,

        Defendant.
                                        /

Case Number: CV09-00841 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Reena Chopra
644 Fulton Street
#2
Redwood City, CA 94061

Dated: February 15, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk